UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS A. TORRES<br><br>    **Plaintiff,**<br><br>v.<br><br>JAMES SLAUGHTER, et al.,<br><br>    **Defendants.** | Civil Action No. 20-7270 (JMV)<br><br>OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Luis A. Torres for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [ECF No. 6]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 6] is **DENIED**.

On June 15, 2020, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* in this action. ECF No. 1. Plaintiff also filed a motion for *pro bono* counsel on June 15, 2020 [ECF No. 2]; however, the Court denied the motion without prejudice [ECF No. 3]. On October 15, 2020, the Court granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to file Plaintiff's Complaint; however, the Court ordered that summons shall not issue as the Court's *sua sponte* screening of Plaintiff's Complaint has not yet been completed. ECF No. 4.

Plaintiff's claims in this action arise from the alleged unlawful termination of Plaintiff's employment as a clerk for the East Jersey State Prison Institutional Storeroom. *See* ECF No. 1. Plaintiff alleges claims under 42 U.S.C. § 1983 and violations of his constitutional rights under the First and Fourteenth Amendments. *See id.*

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The

1

appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron*

factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's application for *pro bono* counsel states: "Plaintiff has limited access to the Law Library because of the COVID-19 pandemic restrictions and because of his limited knowledge of the law." ECF No. 6 at p. 1. Although Plaintiff states that he has limited access to certain resources, Plaintiff fails to explain how this will affect his ability to present his case. Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, and motions for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. Plaintiff also states that the issues in this case "will require significant research and investigation." ECF No. 6 at p. 1. Upon the Court's own review of this matter, however, it appears that the legal issues are not complex, that no extensive factual investigation will be required, and that the testimony of expert witnesses will likely not be required.

Plaintiff also claims that a trial "will likely involve conflicting testimony, and counsel would better enable the Plaintiff to present evidence and cross-examine witness." ECF No. 6 at p. 1. However, at this early stage in the litigation, it would be premature to consider this. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout

case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **9th** day of **February, 2021**,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 6] is **DENIED WITHOUT PREJUDICE**.

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**