<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| LUIS A. TORRES, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 20-7270 (JMV) (JBC) |
| v. | : | |
| | : | **OPINION** |
| JAMES SLAUGHTER, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons that follow, the Court will dismiss with prejudice Plaintiff's official capacity, grievance, and due process claims. The Court will dismiss without prejudice Plaintiff's supervisory liability claims and will allow the remainder of the Complaint to proceed.

### I. BACKGROUND

This case arises from an incident related to Plaintiff's employment as a storeroom clerk in East Jersey State Prison. Plaintiff names the following parties as Defendants in this matter: (1) Administrator James Slaughter; (2) Major James Jones; (3) Lieutenant Eigenrauch; and (4) Sergeant V. Donnelly.

The following facts are alleged by Plaintiff. On August 20, 2019, Defendants Eigenrauch and Donnelly summoned Plaintiff to their office. The Defendants explained some new rules

"regarding the way clerks deliver supplies throughout the facility." (D.E. 1, at 3.)  Afterwards, Plaintiff asked "why they continue to implement rules that are not authorized by the Administrator's office [and] are not on the books," and stated that "your rules are done in an effort to harass inmates on a daily basis." (*Id*.)  In response, Defendant Eigenrauch accused Plaintiff of questioning his authority and "fired" him. (*Id*.)  Later that day, Defendants Eigenrauch and Donnelly made an official recommendation to terminate Plaintiff from his employment. (*Id*.)  On August 30, 2019, Plaintiff received a notice of termination from the prison effective August 20, 2019. Thereafter, on September 5, 2019, Plaintiff asked Defendant Eigenrauch why he fired Plaintiff, and he responded, "I could fire and do whatever the f**k I want to do because the bar on my shoulder gives me the authorization to." (*Id*.)  Defendant Eigenrauch then became irate and threatened to place Plaintiff in an unpleasant housing unit.

Plaintiff then filed administrative grievances, many of which went unanswered. Eventually, he received a response from the Administrator, Defendant Slaughter.  In that response, according to Defendant Eigenrauch, "Plaintiff was removed because the Plaintiff was caught stealing and being out of place," but Defendant Slaughter conceded that Plaintiff was never charged with any crime or infraction. (*Id*. at 5.)  Afterwards, Plaintiff filed a number of administrative appeals, but ultimately, Defendant Slaughter issued a final decision upholding the termination.

As to Defendant Jones, Plaintiff contends that he failed to protect Plaintiff from retaliation. According to Plaintiff, Defendant Jones had a duty to charge him if he was in fact terminated for violating a prison rule.  Since Defendant Jones did not press charges, he should have taken action to restore Plaintiff's employment upon becoming aware of Plaintiff's grievances.

2

In June of 2020, Plaintiff filed the instant Complaint, seeking damages for violations of his First and Fourteenth Amendment rights. Plaintiff also seeks an injunction to restore his employment.

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity" and in cases where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915A(a), 1915(e)(2). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.    DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

### A.  Eleventh Amendment Immunity and Section 1983 Prohibition

As an initial matter, to be liable within the meaning of 42 U.S.C. § 1983, a defendant must be a "person." The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983.  Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  This immunity is available to all States, as well as any entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977).

In the Third Circuit, courts have consistently held that the New Jersey Department of Corrections ("NJDOC")  and its subsidiaries are not "persons" subject to liability under § 1983 as they are immune from suit in federal court under the Eleventh Amendment. *See Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28, 2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).  Similarly, the individual Defendants in this case are agents or employees of the NJDOC and are not "persons" within the meaning of § 1983 when acting in their official capacity. *See Betts v. New Castle Youth Development Center*, 621 F.3d 249,

254 (3d Cir. 2010) (finding that "[i]ndividual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity").  Accordingly, the Court will dismiss with prejudice all claims against the individual Defendants in their official capacities.

### B.  Claims Regarding Grievances

To the extent Plaintiff contends that Defendants Slaughter and Jones failed to address his grievances appropriately or ignored some of his grievances in violation of his First and Fourteenth Amendment rights, the Court will dismiss those claims with prejudice.  Generally, the First Amendment confers a "right to petition the Government for redress of grievances," which traditionally involves access to the courts. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.17 (3d Cir. 2018); *Horsh v. Clark*, No. 17-316, 2019 WL 1243009, at *5 (W.D. Pa. Mar. 18, 2019). The First Amendment does not, however, "impose any affirmative obligation on the government to listen, to respond or . . . to recognize" a grievance.  *E.g.*,  *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 465 (1979); *see also Minnesota State Bd. Community Colleges v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications."). Similarly, there is no constitutional right to an "administrative grievance process or any particular relief . . . through such process." *Horsh*, No., 2019 WL 1243009, at *5 (citing *Jones v. N. C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977)); *Bakhtiari v. Spaulding*, No. 17-16, 2017 WL 2778524, at *14 (M.D. Pa. June 27, 2017) ("Even if the prison provides for a grievance procedure . . . violations of those procedures do not give rise to a civil rights cause of action.").

These claims are equally not cognizable as due process challenges under the Fourteenth Amendment.  Inmates "are not constitutionally entitled to a grievance procedure and the state

creation of such a procedure does not create any federal constitutional rights." *E.g.*, *Peterson v. Holmes*, No. 12-865, 2012 WL 5451435, at *7 (D.N.J. Nov. 7, 2012) (quoting *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997)).

As Plaintiff had no federal constitutional right to a grievance procedure, Plaintiff's "dissatisfaction with a response to . . . [a] grievance[] does not support a constitutional claim." *Mayo v. Wetzel*, No. 13-1174, 2015 WL 3935372, at *6 (May 28, 2015) (citing *Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005)), *report and recommendation adopted*, 2015 WL 3939287 (M.D. Pa. June 26, 2015). Moreover, a defendant's "after-the-fact participation in reviewing grievances or appeals, [is] generally an insufficient basis to establish 'personal knowledge' for purposes of § 1983."[1] *Rosa-Diaz v. Dow*, 683 F. App'x 103, 107 (3d Cir. 2017); *Paluch v. Sec'y Pennsylvania Dep't Corr.*, 442 F. App'x 690, 695 (3d Cir. 2011) (observing that "there is no apparent obligation for prison officials to investigate prison grievances").

As a result, although the failures to respond to, or address Plaintiff's grievances may have implicated other rights, they did not, standing alone, "violate his rights to due process and [are] not actionable." *Peterson*, 2012 WL 5451435, at *7 (quoting *Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005)). Consequently, the Court will dismiss with prejudice Plaintiff's grievance claims against Defendants Slaughter and Jones.

## C. Supervisory Liability

Next, it appears that Plaintiff wishes to pursue supervisory liability claims against Defendant Slaughter. Government officials are not liable for the unconstitutional conduct of their

---

[1] In this context, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. Of Social Servs.,* 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel,* 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  Thus, to the extent Plaintiff contends that Defendant Slaughter is liable simply for being a supervisor, the Court rejects that claim because government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676.

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates.  Under the first approach, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).  A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690.  A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.  A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised

on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)).

Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, assuming *arguendo* that there were First Amendment violations, the Complaint fails to describe how Defendant Slaughter, the administrator of the prison, personally violated Plaintiff's constitutional rights. As discussed above, Plaintiff alleges that Defendant Slaughter failed to address or rectify past violations. Plaintiff does not, however, allege any facts as to how Defendant Slaughter caused the initial violations. For example, Plaintiff fails to allege that Defendant Slaughter created policies which left subordinates with no discretion other than to apply such policies, which produced the violations. Nor does Plaintiff allege facts to support Defendant Slaughter's personal involvement, reciting only in conclusory fashion that Slaughter failed to comply with the law and "contributed to the violations" in the Complaint. (D.E. 1, at 6.)

Plaintiff does allege that Defendant Slaughter failed to deter a pattern of "abuse of authority and retaliation," but fails to offer facts beyond his one incident. Plaintiff cannot rely solely on his incident to establish a custom or practice. *See e.g.*, *Katzenmoyer v. Camden Police Dep't*, No. 08-1995, 2012 WL 6691746, at *5 (D.N.J. Dec. 21, 2012); *cf. Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (finding that "a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*").

Accordingly, the Court dismisses Plaintiff's supervisory liability claims, without prejudice, for failure to state a claim.

### D.  Prison Employment and Due Process

Next, Plaintiff contends that his firing violated his due process rights under the Fourteenth Amendment.   As the Third Circuit has held, however, prisoners "do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pa. Dep't of Cor.*, 567 F. App'x 75, 78 (3d Cir. 2014); *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989).  As result, since Plaintiff did not have a protected property or liberty interest in his prison employment, the loss of his job did not violate his due process rights under the Fourteenth Amendment. *E.g.*, *Mason v. Robinson*, No. 19-4655, 2019 WL 625560, at *2 (D.N.J. Feb. 11, 2019); *Batiz v. Fed. Corr. Inst.*, No. 09-2849, 2010 WL 3812361, at *7 (D.N.J. Sept. 19, 2010).  Accordingly, the Court will dismiss with prejudice Plaintiff's due process claims as to his job assignment.

### E.  Remaining Claims

The Court has reviewed the remainder of the Complaint which involves First Amendment retaliation claims against Defendants Eigenrauch and Donnelly.   The Court concludes that dismissal of these claims is not warranted at this time and will allow the remainder of the Complaint to proceed.[2]

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's official capacity, grievance, and due process claims and dismiss without prejudice Plaintiff's supervisory

---

[2] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

liability claims.  The remainder of the Complaint may proceed.  An appropriate Order accompanies this Opinion.

Dated: 2/22/21

JOHN MICHAEL VAZQUEZ
United States District Judge